United States District Court
Southern District of Texas
**ENTERED**
July 23, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UVALDO OROZCO ROMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | CIVIL ACTION NO. 7:26-CV-206 |
| VS. | § | |
| | § | |
| MIGUEL VERGARA, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## REPORT AND RECOMMENDATION

Petitioner Uvaldo Orozco Roman, proceeding with retained counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention by immigration officials. (Docket No. 1.) Petitioner is a citizen of Cuba but claims that his “indefinite[ ] detention” is unlawful “because there is not a significant likelihood that [he] will be removed to Cuba.” (*Id.* at 2.) Pending before the Court is Respondent’s “Motion to Dismiss.” (Docket No. 7.) Petitioner has not responded to the dispositive motion.[1]

As discussed below, after reviewing pleadings, dispositive motion, and relevant law, the undersigned concludes that the dispositive motion should be granted. Accordingly, the undersigned recommends that this action be dismissed.

## I. DISCUSSION

As noted, on April 28, 2026, Petitioner filed this § 2241 habeas petition, challenging his continued detention by immigration officials.[2] (Docket No. 1.) Specifically, Petitioner explains the basis for this action as follows:

---

[1] Petitioner’s failure to respond will be taken as non-opposition. S.D. Tex. LR 7.4 (“Failure to respond to a motion will be taken as a representation of no opposition.”).

[2] This case was referred to the Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1).

> This case challenges the government's authority to indefinitely detain a noncitizen without any finding of dangerousness or flight risk. Petitioner seeks release from detention because there is not a significant likelihood that Petitioner will be removed to Cuba in the reasonably foreseeable future and Petitioner has been detained for over six (6) months.

(*Id.* at 2.) After an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts,[3] the Magistrate Judge ordered Respondent, as a threshold matter, to show cause why the writ of habeas corpus should not be granted. (Docket No. 5.) In response, the Government filed the pending motion to dismiss. (Docket No. 7.)

Specifically, Respondent explains that Petitioner was admitted to the United States in 1990. (Docket No. 7, at 1.) However, "[o]n November 9, 2021, Petitioner was convicted of one count of Child Abuse," which ultimately resulted in his deportation to Mexico. (*Id.* at 2.) "Petitioner subsequently re-entered the United States on October 23, 2025, without applying for admission and was detained," and "[o]n October 24, 2025, a single-count criminal complaint was filed against Petitioner charging him with illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(1)."[4] (*Id.*) According to Respondent, Petitioner "is not in the custody of either named Respondent"; rather, he "is detained by USMS pursuant to a pending federal criminal prosecution." (*Id.* at 3.) Respondent concludes that "[b]ecause Petitioner is not in civil immigration custody . . . his habeas claim is premature as a matter of law," and should be dismissed. (*Id.*)

The undersigned agrees. As Respondent makes clear, "[a] district court only has jurisdiction over a § 2241 petition if it has jurisdiction over the immediate custodian." (*Id.* at 2 (citing *Gutierrez v. Garland*, No. 1:20-CV-141, 2021 WL 2458349, at *2 (S.D. Tex. May 19,

---

[3] Rule 1(b) of the Rules Governing Section 2254 Proceedings in the United States District Courts provides that those rules may apply to any petition for writ of habeas corpus, including those under § 2241.

[4] *See United States v. Orozco-Roman*, No. 1:25-cr-983-1 (S.D. Tex. 2025). After pleading guilty, on June 2, 2026, Petitioner was sentenced to nine (9) months imprisonment. (*Id.* (Docket Nos. 28, 29).)

2021)). As such, the undersigned now recommends that Petitioner's § 2241 habeas petition, as well as this civil action, be dismissed.

## II. CONCLUSION

For the foregoing reasons, the undersigned recommends that Respondent's "Motion to Dismiss" (Docket No. 7) be **GRANTED**, that Petitioner's Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Docket No. 1) be **DENIED**, and that this action be **DISMISSED**. It is further recommended that Petitioner be denied a certificate of appealability as unnecessary.[5]

## NOTICE

The Clerk shall send a copy of this Report and Recommendation to the parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

SO ORDERED, the 23rd of July, 2026 at McAllen, Texas.

NADIA S. MEDRANO
United States Magistrate Judge

[5] A petitioner "proceeding under § 2241 . . . is not required to obtain a certificate of appealability to pursue [a direct] appeal." *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) (citing *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)).